# EXHIBIT K

# PLAINTIFF'S ANSWERS AND RESPONSES TO THE DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT ASHLAND

| | | |
|---|---|---|
| ANTHONY TODD ARNOTT, M.D. | ) | CASE NO. 0:15-CV-00032-DLB |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| ASHLAND HOSPITAL CORPORATION | ) | |
| D/B/A | ) | |
| KING'S DAUGHTERS | ) | |
| MEDICAL CENTER | ) | |
| | ) | |
| DEFENDANT | ) | |

## PLAINTIFF'S ANSWERS AND RESPONSES TO THE DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, Anthony Todd Arnott, M.D., (referred to hereafter as "Plaintiff"), by counsel, pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure, submits his Answers and Responses to the First Set of Discovery Requests propounded by Defendant, Ashland Hospital Corporation d/b/a King's Daughters Medical Center. (hereinafter "Defendants").

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Identify by name, residential address, employment address, and occupation of each and every person answering these interrogatories or providing information for the preparation of these answers.

**ANSWER:**   Anthony Todd Arnott, M.D.
Residential address:   301 York Lane,
Augusta, Georgia 30909
Employment address: 336 Georgia Avenue,
North Augusta, South Carolina, 29841
Occupation: Physician

1

**INTERROGATORY NO. 2:**     State the Plaintiff's name, date of birth, social security number, and address.

**ANSWER:**     Anthony Todd Arnott, M.D.
Residential address:   301 York Lane
                       Augusta, Georgia 30909
Date of birth: ███████████
Social Security Number: XXX-XX-████

**INTERROGATORY NO. 3:**     Explain the facts and circumstances surrounding Plaintiff's termination of employment with KDMC on or about December 29, 2014.

**ANSWER:**     Plaintiff was wrongfully terminated by KDMC without cause or justification upon KDMC's receipt of Plaintiff's ninety (90) day resignation letter.

KDMC claimed Plaintiff was prescribing medications that he wasn't eligible to prescribe, which KDMC did not identify and which is not correct.

KDMC also claimed that Plaintiff was prescribing contraindicated medications together which is not true and which KDMC failed to identify as well.

KDMC also stated that Plaintiff was not prescribing certain medications to patients who may have severe side effects if not tapered off of those particular medications- They are making this reference in regards to patients that were on scheduled narcotics. Earlier that year right before Plaintiff resigned, he was informed by Lisa Ashley that he wouldn't have to do pain management if he didn't want to. So in late November or December he informed his supervisor that he would no longer want to do pain management at the start of the new year. Also, KDMC claimed that Plaintiff didn't taper the patients off of the medications which are not true. Plaintiff tapered all of them off the narcotics that they were on and made referrals to pain management (Plaintiff wrote for codeine and/or tramadol tapers for opioids and diazepam tapers for the patients that were on benzodiazepines)

2

KDMC also stated that Plaintiff missed 2 of his scheduled shifts which is not correct. Plaintiff didn't miss them, Plaintiff called in because he was severely ill and could not make it in to work due to a flu-like illness.

KDMC also mentioned that one night Plaintiff was still seeing patients around 9pm (The clinic usually closed at 8:30 PM). Plaintiff complained on a weekly basis about them over booking his schedule, Plaintiff was seeing 55-60 patients on some days and he requested multiple times to only book 35 patients on one of his 12 hr shifts.

KDMC also mentioned about me having 253 open charts which goes back to the over booking problem, Plaintiff requested on a weekly basis that he have more time to work on charts and was never given sufficient time and his schedule was over booked on a daily basis (seeing 45-55 patients daily).

Plaintiff's termination occurred after he turned in his 90 day notice and one day after he informed KDMC that he would no longer be prescribing any scheduled medications to the patients. This was following an investigation from the Kentucky medical board regarding his patients due to the fact that he had many patients which were inherited from Dr. Aphrem and Dr. Lewis that were already on scheduled medications and KDMC made Plaintiff feel obligated to continue them on the medications that they had been prescribed from the previous providers even though Plaintiff complained on a weekly basis that he didn't want to see more then 10% of his practice consisting of patients that are on scheduled medications. Plaintiff complained for 2 years after Dr. Aphrem left the practice and Plaintiff inherited all his patients that were on many scheduled medications, and KDMC never made any effort to assist Plaintiff in getting these patients to go somewhere else to get their chronic pain treated, they just advised Plaintiff to keep

3

seeing them and continue the medications that Dr. Aphrem and Dr. Lewis had previously prescribed.

**INTERROGATORY NO. 4:**    Identify any administrative proceeding (including, but not limited to, any unemployment proceeding, workers' compensation proceeding, EEOC proceeding, arbitration proceeding, professional board proceeding, or licensing board proceeding ); any judicial proceeding; and any lawsuit to which the Plaintiff has ever been a party, including the identity of each party to the action; the caption and case number of the action; the court or tribunal which the action was pending and the date it was filed; the nature of the action; the disposition of the action; and the lawyers who represented each party.

**ANSWER:**    Plaintiff has not been involved in any lawsuits or judicial proceedings, other than this matter.

**INTERROGATORY NO. 5:**    Identify the specific dates for which Plaintiff seeks compensation under the Employment Agreement with KDMC.

**ANSWER:**    Wages, salary, benefits and other compensation for procedures to be performed for the ninety (90) days after Plaintiff's submittal of his resignation letter. In addition, Plaintiff seeks compensation for all unpaid performed procedures prior to his termination; and reimbursement of all agreed upon tuition payments.

4

**INTERROGATORY NO. 6:**         State the total amount of damages claimed by Plaintiff in the Complaint.

 **ANSWER:**    See Answer to Interrogatory No. 5.

**INTERROGATORY NO. 7:**         Provide an itemized calculation for each category of damages sought by Plaintiff.

 **ANSWER:**

| | | |
|---|---|---|
| 1. | Wages and salary: | $96,000.00 |
| 2. | Benefits: | To be calculated upon discovery of relevant documentation from the Defendant. |
| 3. | Compensation for Procedures: | To be calculated upon discovery of relevant documentation from the Defendant. |
| 4. | Tuition Reimbursement: | To be calculated upon discovery of relevant documentation from the Defendant. |
| 5. | Legal fees/expenses: | $25,000.00, as of this date; will increase as proceeding continues. |

**INTERROGATORY NO. 8:**         In addition to your response to the preceding interrogatory, provide a calculation of all lost wages and benefits that Plaintiff seeks specifically under the Employment Agreement with KDMC, including an itemization for each category of compensation sought under the Agreement (i.e. wages, wrvu payments, bonuses, etc).

 **ANSWER:**    See Answer to Interrogatory No. 7.

**INTERROGATORY NO. 9:**         If Plaintiff has not been employed since leaving employment with KDMC, please describe in detail: 1) Plaintiff's efforts to obtain employment and 2) Plaintiff's reasons for not having obtained such employment.

5

**ANSWER:**    Plaintiff was unemployed from January to May, 2015.  Plaintiff has been employed since May 25, 2015.

**INTERROGATORY NO. 10:**    If Plaintiff has been employed for any period of time since leaving employment with KDMC, please identify for each such employment the name of Plaintiff's employer, duration of employment, job title and duties, wages earned, hours worked, and any reasons for leaving such employment.

**ANSWER:**    Plaintiff has been employed as a staff physician at University Health Care System since May 25, 2015 in Augusta, GA.  Plaintiff's salary is $180,000 per year.

**INTERROGATORY NO. 11:**    Identify each and every attempt made by the Plaintiff to mitigate his damages since the last date of his employment, specifically including each and every application filed, to whom the application was made or any advertisement responded to.  Additionally, identify each job (including self-employment) held by the Plaintiff since the date of his termination, including for each the rate of pay, average number of hours worked, name and address of the employer and the Plaintiff's supervisor and, if the Plaintiff is no longer working for any employer, identify the reason for the Plaintiff's employment separation.

**ANSWER:**    Plaintiff actively sought employment after KDMC's termination; and obtained full time employment on May 25, 2015.

**INTERROGATORY NO. 12:**    State whether the Plaintiff has filed a complaint (whether formal or informal) with any state or federal administrative agency, including, but not limited to the Kentucky Labor Cabinet and the United States Department of Labor regarding the

6

allegations alleged in the Complaint, and, if so, identify when the complaint/charge was made, the allegations that were made, the identity of the person to whom such allegations were made, the response of the agency, and identify any documents provided to such agency or any documents received from such agency.

**ANSWER:**    No, he has not.

**INTERROGATORY NO. 13:**    Identify the factual basis for Plaintiff's allegation in Paragraph 13 of the Complaint that KDMC breached the Employment Agreement.

**ANSWER:**    Plaintiff was wrongfully terminated by KDMC without cause or justification upon KDMC's receipt of Plaintiff's ninety (90) day resignation letter.    (See explanation in Answer to Interrogatory No. 3.)

**INTERROGATORY NO. 14:**    Identify the factual basis for Plaintiff's allegation in Paragraph 19 of the Complaint that KDMC breached its duty of good faith and fair dealing.

**ANSWER:**    Plaintiff was wrongfully terminated by KDMC without cause or justification upon KDMC's receipt of Plaintiff's ninety (90) day resignation letter. (See explanation in Answer to Interrogatory No. 3.)

**INTERROGATORY NO. 15:**    Identify the factual basis to support Plaintiff's allegation that KDMC did not have cause to terminate Plaintiff.

**ANSWER:**    Plaintiff was an excellent employee. He gave the patients above standard quality of care. KDMC scheduled 15+ patients a day more than Plaintiff felt comfortable with and didn't give Plaintiff sufficient time to complete his charting (due to the fact he had to do

7

100% of the charting with EMR-Epic and due to the amount of patients he was seeing he didn't have time to complete any of his documentation during the day as he was literally running from room to room). Plaintiff had absolutely no control over his schedule and he couldn't ever get the time he requested for completing medical documentation. (Also see Answer to Interrogatory No. 3.)

**INTERROGATORY NO. 16:**    Identify each and every witness who has knowledge or information pertaining to the facts and circumstances of the claims set forth in the Complaint.

**ANSWER:**    1.    Anthony Todd Arnott, M.D. (Plaintiff)

2.    Valerie Ingles (Dr. Arnott's Supervisor at KDMC)

3.    Kristie Whitlatch (President/CEO, KDMC)

4.    Sara Marks (V.P./Executive Director of KDMC)

5.    Nurses and other staff at KDMC

6.    Plaintiff's investigation of knowledgeable witnesses continues and he will supplement this Answer.

**INTERROGATORY NO. 17:**    Identify all witnesses you intend to call to trial in this matter, including a summary of the testimony you intend to offer from such witnesses.

**ANSWER:**    Plaintiff has not yet determined his trial witnesses.

8

**INTERROGATORY NO. 18:**   Identify all expert witness you intend to call at trial in this matter, including their credentials and the testimony you intend to offer from such witnesses.

**ANSWER:**   At this time, Plaintiff does not intend to call any expert witnesses.

**INTERROGATORY NO. 19:**   Identify all documents and/or exhibits you intend to introduce at trial in this matter.

**ANSWER:**   Attached hereto are documents which have been currently located which may be used as trial exhibits. Plaintiff's search for additional documents continues. Further, Plaintiff will also utilize additional documents as trial exhibits which will be obtained in the Discovery phase of this proceeding.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce the original of any document, including but not limited to, notes, documents, diaries, journals, calendars, appointment books, letters, recordings, or memoranda prepared or obtained by the Plaintiff during the course of or subsequent to his employment with KDMC, which evidence, relate to, pertain to or concern the subject matter of this action or in any way relate to the Plaintiff's claims or any potential defense of KDMC.

**RESPONSE:** Responsive documents responsive to this Request which are currently in Plaintiff's possession are enclosed herewith.

9

**REQUEST NO. 2:** Produce any documents, including but not limited to correspondence, notes, emails, text messages, letters, memoranda, agreements, or contracts between Plaintiff and KDMC regarding his termination.

**RESPONSE:** Responsive documents responsive to this Request which are currently in Plaintiff's possession are enclosed herewith.

**REQUEST NO. 3:** Produce any documents, including but not limited to correspondence, notes, emails, text messages, letters, memoranda, agreements, or contracts between Plaintiff and/or Plaintiff's counsel and KDMC regarding the reconciliation, payment, or settlement of any amounts claimed, owed, or due to Plaintiff as a result of his termination.

**RESPONSE:** Responsive documents responsive to this Request which are currently in Plaintiff's possession are enclosed herewith.

**REQUEST NO. 4:** Produce any documents, including but not limited to correspondence, notes, emails, text messages, letters, memoranda, agreements, or contracts between Plaintiff and KDMC as they relate to payment of his student loans.

**RESPONSE:** Responsive documents responsive to this Request which are currently in Plaintiff's possession are enclosed herewith.

**REQUEST NO. 5:** Produce any documents, including but not limited to correspondence, notes, emails, text messages, letters, memoranda, agreements, or contracts between KDMC and Plaintiff that are related in any way to Plaintiff's employment at KDMC.

**RESPONSE:** Responsive documents responsive to this Request which are currently in Plaintiff's possession are enclosed herewith.

**REQUEST NO. 6:** Provide copies of Plaintiff's United States Income Tax Returns for the past five years.

**RESPONSE:** Plaintiff objects to providing his income tax returns, since they are confidential and have no relevancy to the claims sought herein.  The Defendant has all of the Plaintiff's salary, benefits and other necessary information upon which the Plaintiff's damages will be base.

**REQUEST NO. 7:** Produce copies of all documents, including tax returns, checks, and deposit tickets that support the amount of damages claimed by Plaintiff.

**RESPONSE:** Responsive documents responsive to this Request which are currently in Plaintiff's possession are enclosed herewith.

**REQUEST NO. 8:** Produce copies of any and all exhibits which Plaintiff intends to use at the trial of this action.

**RESPONSE:** Plaintiff has not made this determination at this time.

**REQUEST NO. 9:** Produce copies of all other documents relied upon by the Plaintiff and/or his attorney in answering the hereto attached Interrogatories.

11

**RESPONSE:** Responsive documents responsive to this Request which are currently in Plaintiff's possession are enclosed herewith. However, Plaintiff objects based upon the attorney-client privileged and attorney work product privilege.

**REQUEST NO. 10:** Execute the attached release authorizing KDMC to obtain Plaintiff's records from the Kentucky Medical Licensure Board.

**RESPONSE:** The release form was not attached.

**REQUEST NO. 11:** Execute the attached release authorizing KDMC to obtain Plaintiff's employment records.

**RESPONSE:** The release form was not attached.

Respectfully submitted,

THE ZOPPOTH LAW FIRM

/s/ Scott P. Zoppoth
Scott P. Zoppoth
Bradley S. Zoppoth
601 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 568-8884
spz@zoplaw.com
bsz@zoplaw.com
Counsel for Plaintiff

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via U.S. Mail to the following counsel of record below on this _15_ day of September, 2015.

W. Mitchell Hall, Jr.
Ashley L. Adkins
Wanantwerp Attorneys, LLP
1544 Winchester Avenue, 5th Floor
P.O. Box 1111
Ashland, Kentucky 41105-1111

/s/ Scott P. Zoppoth
Scott P. Zoppoth

13